## SUPREME COURT.

### BLAKE agt. LOCY.

An affidavit and notice of motion entitled in the wrong court, are not objection-able, where they sufficiently refer to the action and proceedings which are the subject matter of the motion (*Code, § 406*).

Neither is a notice of motion objectionable, which does not point out the irre-gularity complained of, where the irregularity sufficiently appears in the moving papers.

A justice of this court has no jurisdiction to make an order that a defendant, in a judgment in the *County Court*, appear before a referee and make discovery, &c, in relation to his property, where execution has been returned unsatisfied, &c. Such order can only be made by the county judge (*Code, § 292*).

A motion to vacate such an order, made by a justice of this court, may be made either to the justice who granted it, or another (§ 324).

*Yates Circuit and Special Term, October* 1850. Motion on behalf of defendant Locy for an order vacating certain orders made by a justice of this court. The orders in question were made in an action in the County Court of Livingston county, in

which judgment had been entered in favor of Blake against Locy, under title 9, chap. 2, § 292 and 298 of the Code. They bore date September 21, 1850, and recited that it appeared to the justice by the affidavit of Blake, that an execution against the property of Locy had been issued to the sheriff of the proper county upon the judgment rendered in the action, and returned unsatisfied. The first order required Locy to appear before a referee, &c. to make discovery, &c. The other forbid the transfer, &c. of the property of Locy not exempt from execution, &c., and enjoined Locy against interfering therewith, &c. Both orders were entitled in the Livingston County Court. The affidavits upon which the motion is founded, and the notice of motion, are entitled in the Supreme Court. They, however, intelligibly refer to the action and proceeedings in reference to which the affidavit is made and the notice given.

The affidavit also stated facts going to show that the referee appointed was an unsuitable individual for such referee, on the ground of personal enmity between him and the defendant.

E. VAN BUREN, *for the Motion.*

J. V. VAN ALEN, *Opposed.*

WELLES, Justice.—The objection that the affidavit and notice of motion are wrongly entitled, can not be maintained (*Code,* § 406). Neither do I think the objection that the notice does not point out the irregularity complained of can prevail. The objection to the proceedings in question is radical and goes to the jurisdiction of the officer before whom they were had. That in relation to the referee appointed by him is sufficiently pointed out. That objection, however, could not in any event be entertained on this motion. It should have been raised before the officer who made the order, and could only be brought before the court on appeal, provided his decision could be reviewed at all.

The objection that a justice of this court has no jurisdiction to make the orders in question, would seem to be unanswerable, provided it can be considered on this motion. Where the execution is issued on a judgment of the County Court, the order must

be made by a county judge (*Code*, § 292). In this case the judgment was by the County Court of Livingston county. If the justice who made these orders had been referred to the provisions of the section cited, he would undoubtedly have declined acting.

I had doubts at first whether the application to vacate these orders should not have been made in the first instance to the officer who granted them; but upon examination am satisfied the present motion for that purpose may be entertained, and that under section 324 of the Code, either course would be regular. The motion is therefore granted with $10 costs.